### O. H. LUCAS, RECEIVER OF THE KEYSTONE MEDICINE COMPANY, v. J. L. HARDIN.

(Filed 15 May, 1918.)

**1. Vendor and Purchaser—Consignment—Evidence—Prima Facie Case—Trials.**

Evidence that the purchaser of goods on consignment refused an accounting after demand made by the vendor, makes out a prima facie case in the latter's action to recover the price, the defense being put upon the ground that the goods were unsatisfactory and that plaintiff had been notified they were held subject to his order.

**2. Limitation of Actions—Vendor and Purchaser—Consignment.**

    The Statute of Limitations began to run when the relationship between the parties became adverse, in an action by the vendor to recover for goods sold and delivered on consignment.

APPEAL by defendant from *Cline, J.,* at the July Term, 1917, of RANDOLPH.

This is an action brought by O. H. Lucas, receiver of the Keystone Farm Machine Company, to recover the value of certain plows or cultivators consigned to the defendant in 1907 or 1908, which were guaranteed to do good satisfactory work.

The action was commenced 5 July, 1913.

The defendant does not allege a counterclaim for breach of guaranty, but did offer evidence tending to prove that the plows or cultivators were unsatisfactory and that he notified the machine company in 1908 that he held them subject to its order.

The plaintiff offered evidence to the contrary and also that no demand was made on defendant until 15 August, 1910.

The jury returned the following verdict:

1. Were the cultivators in question shipped by the Keystone Farm and Machine Company to the defendant upon a consignment contract? Answer: "Yes."

2. Is plaintiff's cause of action barred by the Statute of Limitations? Answer: "No."

3. What amount, if anything, is the plaintiff entitled to recover of the defendant? Answer: "$100."

The first issue was answered by consent of parties, and the controversy was as to the Statute of Limitations.

The defendant excepted to the parts of the charge on the Statute of Limitations. Judgment was rendered in favor of the plaintiff on the verdict, and defendant appealed.

*Bruce Craven and G. H. King for plaintiff.*
*Hammer & Moser for defendant.*

PER CURIAM: When it was admitted that the defendant received the property of the machine company on consignment in 1907 or 1908, and evidence was offered tending to prove that he refused, after demand, to account for the same, the plaintiff made out a prima facie case and his Honor could not do otherwise than deny the motion to nonsuit.

The finding upon the plea of the Statute of Limitations depended upon the time when the relationship between the parties became adverse, the plaintiff contending it was in August, 1910, which was within

three years of the commencement of the action, and the defendant in 1908, more than three years, and this question was submitted to the jury under instructions free from error.

No error.